## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NANA KOBAIVANOVA, | ) | CASE NO.  1:11cv943 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| MARK HANSEN, Director, | ) | |
| U.S. Citizenship and Immigration Services; | ) | |
| et al. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |

Plaintiff Nana Kobaivanova, a native and citizen of Georgia, seeks to compel the United

States Citizenship and Immigration Services ("USCIS") to immediately adjudicate her pending I-

485 Adjustment of Status application.  Plaintiff further seeks an order directing the Federal

Bureau of Investigation ("FBI") to complete any required security clearance check within a

reasonable period of time, not exceeding sixty days.  Plaintiff asserts jurisdiction under three

statutes:

(1)     Federal Question Statute (28 U.S.C. § 1331);

(2)     Administrative Procedure Act ("APA") (5 U.S.C. §§ 702-
706); and

(3)     Mandamus Act (28 U.S.C. § 1361).

Plaintiff's Complaint names the following defendants:

(1)     Mark B. Hansen, Director, USCIS Cleveland District Office;

(2)    Janet Napolitano, Secretary, U.S. Department of Homeland Security;

(3)    Alejandro Mayorkas, Director, USCIS;

(4)    Eric Holder, Attorney General;

(5)    Robert S. Mueller III, Director, FBI; and

(6)    Thomas Bush, Assistant Director Criminal Justice Information Services Division, FBI.

Defendants collectively filed a Motion to Dismiss And/Or, In The Alternative, Motion for Summary Judgment. (Docket #5.) Plaintiff responded. (Docket #6.) Defendants replied. (Docket #8.) Thus, Defendants' Motion is ripe for consideration. For the following reasons, Defendants' Motion is GRANTED.

## I. FACTS[1]

The facts of this case are undisputed.

Plaintiff was born in Tbilisi, Georgia, and is a citizen of Georgia. She entered the United States on June 24, 2005, on an H-1B visa as an alien in any specialty occupation or profession.

On or about September 25, 2005, Plaintiff married Aaron Taub, a United States citizen. On or about March 1, 2006, Aaron Taub filed a Form I-130, Petition for Alien Relative, on behalf of Plaintiff. On or about that same date, Plaintiff filed a Form I-485, Application to Register Permanent Residency or Adjust Status, based upon the Form I-130. USCIS approved Form I-130 on May 17, 2006.

On or about January 8, 2008, Meridia Medical Group, LLC, filed a Form I-140,

---

[1]The factual summary is based on the parties' statements of fact.

2

Immigrant Petition for Alien Worker, on behalf of Plaintiff. The Petition was approved

on October 3, 2008. Plaintiff is employed as a physician.

On or about April 18, 2008, the USCIS received correspondence from Plaintiff and her

attorney requesting that her pending Form I-485 based upon the Form I-130 and her marriage to

Aaron Taub be withdrawn. Plaintiff's attorney represented that Plaintiff elected to file for

permanent residence based upon a pending Immigration Petition for Alien Worker. On or about

April 24, 2008, the USCIS received Plaintiff's Form I-485 based on the Form I-140. On or about

May 22, 2008, Aaron Taub filed for divorce from Plaintiff.

The USCIS has undertaken various background and security checks in accordance with

its procedures and in furtherance of its review of Plaintiff's I-485 application. As part of these

background and security checks, the USCIS submitted a "name check" and fingerprint check to

the FBI, and has received the results. It is undisputed that the FBI is not the source of any delay

in the adjudication of Plaintiff's I-485 application.

Plaintiff has a criminal history. On March 1, 2000, Plaintiff was convicted of disorderly

conduct in Bedford Municipal Court, Case No. 9CRB02599, based upon an arrest on December

19, 1999. On October 14, 2004, Plaintiff was convicted of disorderly conduct in Shaker Heights

Municipal Court, based upon an arrest on July 25, 2004.

## II. LEGAL STANDARD

Defendants argue that the Court lacks subject matter jurisdiction to consider Plaintiff's

claims under the Federal Question Statute, the APA, and the Mandamus Act. The existence of

subject matter jurisdiction is a threshold issue. *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d

266, 269 (6th Cir.1990). The Court may not consider the merits of a case unless subject matter

jurisdiction exists. *Id.*

Defendants attack subject matter jurisdiction under Rules 12(b)(1), 12(b)(6) "and/or" Rule 56 of the Federal Rules of Civil Procedure. Defendants' Motion attaches the unsworn declaration of Supervisory Immigration Services Officer Karyn Zarlenga, and exhibits reflecting Plaintiff's criminal history.

### A.    Rule 12(b)(1) Standard

There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: (1) facial attacks, and (2) factual attacks. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Regardless of the type of attack, Plaintiff, as the party invoking federal subject matter jurisdiction, bears the burden of persuading the Court that subject matter jurisdiction exists. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005).

A facial attack on subject matter jurisdiction merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. In reviewing a facial attack, a trial court takes the allegations in the complaint as true (which is a similar safeguard employed under 12(b)(6) motions to dismiss). *Id.*

Under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id.* When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Id.* In reviewing a factual attack, a trial court has wide discretion to allow documentary evidence (such as that attached to Defendants' Motion), and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

4

### B.    Rule 12(b)(6) Standard

Motions to dismiss under 12(b)(6) for failure to state a claim generally are distinct,

procedurally and substantively, from motions to dismiss under 12(b)(1). *Id.* The Sixth Circuit

has explained the Rule 12(b)(1)/12(b)(6) distinction:

> [I[n a Rule 12(b)(6) motion in which matters outside the record are
> relied upon as they were here, the moving party (here, defendants)
> had the burden of showing there are no genuine issues as to any
> material facts, as the motion shall be treated as one for summary
> judgment.  Conversely, where subject matter jurisdiction is
> challenged under Rule 12(b)(1), as it was here, the plaintiff has the
> burden of proving jurisdiction in order to survive the motion.
> Perhaps even more importantly, when a Rule 12(b)(6) motion is
> converted to a Rule 56 motion for summary judgment, the court,
> upon finding genuine issues as to material facts, must deny the
> motion; whereas on a Rule 12(b)(1) challenge to subject matter
> jurisdiction, the court is empowered to resolve factual disputes.

*Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (internal citations and footnotes

omitted).

When a party files a motion to dismiss under 12(b)(6), the district court is instructed to

treat the motion as one for summary judgment if — as is the case here — either party submits

additional materials "outside the pleadings." *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. The court

therefore must take the plaintiff's allegations as true, and must also determine that no genuine

issue of material fact exists when a Rule 56 motion is granted. *Id.*

### C.    Rule 56 Standard

Summary judgment under Rule 56 is appropriate where the pleadings, depositions,

answers to interrogatories, admissions on file, and affidavits show "that there is no genuine

dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."

Fed .R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir.2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### D.    Rule 12(b)(1) Applies to Defendants' Motion

A crucial difference between Rule 12(b)(1) motions and Rule 12(b)(6) motions converted to Rule 56 motions for summary judgment is the effect the ruling will have upon the parties. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of the court. *Id.* The res judicata effect of a 12(b)(1) motion is consequently limited to the jurisdictional issue. *Id.* In contrast, a grant of summary judgment resolves the issue on the merits and is with prejudice. *Id.*

Here, the Court finds it most appropriate to consider Defendants' Motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Thus, in accordance with the reasoning set forth below, Plaintiff is not barred from refiling her Complaint if the USCIS does not adjudicate her I-485 application.

### III. DISCUSSION

Defendants appear to bring both a facial and factual attack on the Court's subject matter jurisdiction. First, Defendants' facial attack asserts that the Court's subject matter jurisdiction has been removed by statute, specifically 8 U.S.C. § 1255 and 8 U.S.C. § 1252(a)(2)(B)(ii).

Second, Defendants' factual attack contends that, even if these statutes do not strip the Court of jurisdiction, there has been no unreasonable delay in adjudicating Plaintiff's adjustment of status application as is required to confer jurisdiction under the APA and the Mandamus Act.

### A.    8 U.S.C. § 1255 and 8 U.S.C. § 1252(a)(2)(B)(ii)

The Court will first address Defendants' claim that the Court's jurisdiction has been removed by statute.  An application for adjustment of status is governed by 8 U.S.C. § 1255. Section 1255(a) provides:

> The status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).  Section 1255 does not impose any time limitation within which the Attorney General must adjudicate an I-485 application.

A jurisdiction stripping provision contained in Section 1252(a)(2)(B)(ii) strictly limits judicial review of agency action in this area to matters not within the Attorney General's (or the USCIS') discretion.  Section 1252(a)(2)(B)(ii) states:

> Notwithstanding any other provision of law (statutory or nonstatutory) ... no court shall have jurisdiction to review-
>
> * * *
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).

Defendants argue that 8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1252(a)(2)(B)(ii) in combination preclude judicial review of Plaintiff's claim for adjudication of her I-485 application within a reasonable time because this claim involves a decision committed to agency discretion. Plaintiff counters that these statutes do not commit the timing of the USCIS' review of her application to agency discretion.

The Sixth Circuit apparently has not spoken on whether the pace at which the USCIS adjudicates adjustment of status applications is committed to agency discretion. District courts are widely split on the issue. Indeed, the Northern District of Ohio has issued differing opinions.

Some courts have held that the statutory framework of 8 U.S.C § 1255(a) prohibits judicial review of any part of the USCIS' adjudicatory process, including its timing. Many of these courts have concluded that the lack of a specific time limitation in the statute reflects Congressional intent to leave the entire adjudicatory process to the agency's discretion. *See, e.g. Zhang v. Secretary of Homeland Security*, 2007 WL 25721791 (N.D. Ohio 2007) (Lioi, J.); *Diini v. Hansen*, 2008 WL 4758686 (S.D. Ohio Oct. 27, 2008); *Fonov v. Gonzales*, 2007 WL 2815451 (S.D. Ohio Sept. 25, 2007); *Xu v. Gonzales*, 2007 WL 2815449 (S.D. Ohio Sept. 25, 2007); *Korobkova v. Jenifer*, 2007 WL 3245178 (E.D. Mich. Nov. 2, 2007); *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006).

Other district courts have held that, because the USCIS has a nondiscretionary duty to render a final decision on an adjustment of status application, courts must have jurisdiction in a suit alleging that the USCIS failed to adjudicate an application within a reasonable period of

time.  These courts have concluded that Congress did not preclude judicial review of this discreet

issue, because otherwise the USCIS could indefinitely delay rendering a decision.  *See, e.g., Shah*

*v. Hansen*, 2007 WL 13232352 (N.D. Ohio Oct. 31, 2007) (Gaughan, J.); *Yan Yang v. Gonzalez*,

2007 WL 1726501 (S.D. Ohio June 11, 2007); *Tolonchi v. Gonzalez*, 2007 WL 2331937 (N.D.

Ohio Aug. 13, 2007) (Wells, J.).

   While there are compelling arguments on both sides, the Court finds that opinions like

*Shah*, in which jurisdiction is based on the nondiscretionary duty of the Attorney General to

reach a final adjudication of adjustment of status applications, express the better rationale.  *See*

*Shah*, 2007 WL 13232352, at *6.  Indeed, if district courts have no power to review the pace at

which the USCIS acts upon I-485 applications, there is no way to enforce the USCIS'

nondiscretionary duty to adjudicate these applications.  Hypothetically, the USCIS could fail to

act altogether, leaving the applicant with no recourse.  Absent jurisdiction, the applicant could

not seek a court order compelling agency adjudication, and would lose the right to

administratively appeal any denial of the application.  There is nothing in the statutory language

or history to indicate that this was Congress' intent in constructing Section 1255.  Thus, the

Court finds that 8 U.S.C. § 1255 and 8 U.S.C. § 1252(a)(2)(B)(ii) do not remove the Court's

subject matter jurisdiction over the discreet issue of the timing of the USCIS' adjudication of

adjustment of status applications.

   The Court now turns to Defendants' argument that there has been no unreasonable delay

in adjudicating Plaintiff's I-485 application as is necessary to confer jurisdiction under the

Federal Question Statute, the APA, and the Mandamus Act.  As an initial matter, the Court notes

that the Federal Question Statute, 28 U.S.C. § 1331, does not provide an independent basis for

federal subject matter jurisdiction. *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir.1999). The statute only supports jurisdiction when the complaint pleads a violation of a substantive right under a distinct federal statute. Thus, the Court must examine whether the APA or the Mandamus Act provide a basis for subject matter jurisdiction.

### B. APA — 5 U.S.C. §§ 702-706

The APA mandates that "each agency shall proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). Further, Section 706 of the APA grants courts the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Read together, these sections create limited circumstances under which the Court may exercise jurisdiction over the discreet issue of the timing of the change in status process.[2]

Although jurisdiction for a claim of unreasonable delay may be based on Sections 555(b) and 706(1), Defendants argue that the facts that would potentially give rise to such jurisdiction are not present in this case. The Court agrees. Plaintiff has not alleged any facts to suggest that her application of adjustment of status has been unreasonably delayed. Contrary to Plaintiff's assertion, a three-year delay is not unreasonable on its face. *Zhang*, 2007 WL 2572179 at *5 (citing *Attias v. Chertoff*, 2006 U.S. Dist. LEXIS 41993 (E.D. Mo. June 22, 2006)). A delay of this length is not per se unreasonable absent other circumstances of

---

[2]The APA exempts from judicial review "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Relief under the APA is limited to instances where an agency is alleged to have failed to take "a discrete agency action that it is required to take." *Hells Canyon Pres. Council v. United States Forest Serv.*, 593 F.3d 923, 932 (9th Cir.2010) (quoting and citing *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004)) (emphasis in original). As previously discussed, the timing of the USCIS' adjudication of I-485 applications is not committed to agency discretion by law.

unreasonableness.[3]  *Id.*

The record contains no other material indicia of unreasonableness.. Specifically, the record contains no evidence that Defendants have been idle or are unwilling to adjudicate Plaintiff's I-485 application. To the contrary, the record reflects — and Plaintiff concedes — that Defendants have taken action in furtherance of a review of Plaintiff's application. Defendants have taken Plaintiff's fingerprints and have completed numerous background and security checks in accordance with USCIS procedures.

Defendants submit in the declaration attached to their Motion that the USCIS' investigation is not complete, in large part because background and security checks have unearthed unspecified concerns about Plaintiff that require further investigation. Plaintiff claims that no valid concerns could exist. Despite Plaintiff's belief that Defendants' concerns are unjustified, whatever those concerns might be, this Court may not determine the validity of Defendants' further investigations. The Court's subject matter jurisdiction under 8 U.S.C. § 1255 does not extend to these areas, which indisputably are matters committed to the Attorney General's discretion. Indeed, any attempt by the Court to determine which investigations the agency may pursue potentially could influence the final disposition of Plaintiff's application, which is a matter entirely within the agency's discretion and not subject to review by this Court.[4] The Court's subject matter jurisdiction is limited to determining whether the USCIS is actively pursuing a resolution of Plaintiff's application. Where, as here, the uncontroverted record

---

[3]It is unclear from existing case law what length of delay in excess of three years might constitute per se unreasonable delay. The Court need not reach this question here.

[4]Accordingly, Plaintiff is not entitled to additional discovery to probe the reasons for Defendants' further investigations.

demonstrates that the USCIS is actively pursuing a final resolution, there is no unreasonable delay for purposes of the Court's subject matter jurisdiction under the APA. *See Patel v. Chertof*, 2007 U.S. Dist. LEXIS 30073 (E.D. Mo. Apr. 24, 2007) (although plaintiffs' applications had been pending for four and one-half years, there was no unreasonable delay where government entities were actively pursuing a resolution of the applications); *Saleh v. Ridge*, 367 F. Supp. 2d 508 (a wait of five years for adjudication of adjustment of status, while not insubstantial, was not unreasonable as a matter of law).

The Court understands and is sympathetic to Plaintiff's frustration over the delay in adjudicating her application. Nonetheless, the delay alone, without other circumstances of unreasonableness, is not the "unreasonable delay" required to confer subject matter jurisdiction under the APA. As explained in *Zhang*, "In this post-September 11, 2001 world, these delays are necessary to adequately ensure the safety and security of this country and those who reside in it, both citizen and alien alike." *Zhang*, 2007 WL 2572179 at *6.[5]

## C. Mandamus Act — 28 U.S.C. § 1361

The mandamus statute provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The existence of subject matter jurisdiction under Section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue. *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). A district court may grant a writ of mandamus only if three factors are met: (1) the petitioner can establish

---

[5]Moreover, the Court is unwilling on the record before it to compel the USCIS to adjudicate Plaintiff's application immediately, with the result that Plaintiff's application would be resolved ahead of other applications that may have been pending for longer.

a clear and indisputable right to the relief sought; (2) the defendant has a nondiscretionary duty to honor that right; and (3) the petitioner has no other adequate remedy. *Anjum v. Hansen*, 2007 U.S. Dist. LEXIS 22685 (S.D. Ohio Mar. 28, 2007).

The Court has already held that the USCIS has a nondiscretionary duty to adjudicate Plaintiff's I-485 application within a reasonable time. However, to establish either jurisdiction or entitlement to a writ under the Mandamus Act, the Court also must find that Plaintiff has a clear and indisputable right to the relief sought. *Id.* As previously discussed, Plaintiff is not entitled to an order compelling the USCIS to immediately adjudicate her I-485 application, because there has been no unreasonable delay. Accordingly, the Court lacks jurisdiction to hear Plaintiff's claim under the Mandamus Act.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants' Motion is GRANTED. Plaintiff's Complaint is dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[6]

---

[6]The Motion is also granted with respect to the FBI Defendants Robert Mueller and Thomas Bush on the additional ground that it is undisputed that the FBI is not responsible for any delay in the adjudication of Plaintiff's I-485 application.